UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>LOUIE MAHONEY, CHRISTINE MAHONEY-MEYER, MARGARET R. JOSE, ROGER FIANDER,<br><br>    Defendants. | NOS. CR-05-2099-RHW-1<br>CR-05-2099-RHW-3<br>CR-05-2099-RHW-6<br>CR-05-2099-RHW-8<br><br>**ORDER ON PRETRIAL MOTIONS** |

A pretrial conference was held in the above-captioned case on February 20, 2007. Defendant Louie Mahoney was present and represented by Richard Smith; Defendant Christine Mahoney-Meyer was present and represented by Scott Chapman; Defendant Margaret Jose was present and represented by Gregory Scott; Defendant Gerald George was present and represented by Zenon Olbertz; and Defendant Roger Fiander was present and represented by Jack Fiander. Assistant United States Attorney Jane Kirk appeared on behalf of the Government.

Before the Court are Defendant Louie Mahoney's Motion to Dismiss Indictment (Ct. Rec. 330), Motion to Bifurcate Forfeiture Proceedings (Ct. Rec. 359), Renewed Motion to Dismiss Based on Discriminatory Enforcement (Ct. Rec. 362), and Motion to Appoint Co-Counsel (Ct. Rec. 364). Also before the Court are Defendant Christine Mahoney-Meyer's Motion for Joinder (Ct. Rec. 333) and Motion to Change Venue for Trial (Ct. Rec. 335). Defendant Margaret Jose has filed her Motion for Bill of Particulars (Ct. Rec. 338), Motion for Joinder (Ct. Rec. 341), and Motion for Extension of Time to File (Ct. Rec. 345). Lastly, the Court

ORDER ON PRETRIAL MOTIONS * 1

also considers Defendant Roger Fiander's Motion to Dismiss Count(s) (Ct. Rec. 298), Motion to Dismiss Count(s) 1956(a)(2) (Ct. Rec. 302), Motion for Reconsideration re: Motion to Dismiss Case for Lack of a Predicate Violation per RCW 37.12.010 (Ct. Rec. 319), Motion for Leave to File Interlocutory Appeal (Ct. Rec. 347), and his Memorandum/Notice of Conflict of Interest (Ct. Rec. 366). The Court addresses the substantive motions below in turn. The procedural motions and motions regarding discovery are addressed at the end of this Order. The Court also made oral rulings on several motions listed above, and this Order memorializes those rulings.

## DISCUSSION

**I. Louie Mahoney's Motions**

    **A.    Motion to Dismiss Indictment**

Defendant Louie Mahoney argues the Court should dismiss the charges against him because the government cannot establish the predicate act for all claims of trafficking in contraband cigarettes. He avers he did not violate Washington cigarette tax laws because all sales alleged in the indictment occurred on the Coeur d'Alene Indian Reservation within Idaho, which does not require tax stamps to be placed on cigarettes sold on Indian reservations. He states he was paid in Idaho and delivered the cigarettes to the purchaser or the purchaser's agent in Idaho on the Coeur d'Alene Reservation, and that title to the property passed to the purchaser at the time and place of sale. Therefore, he committed no act in Washington State or in violation of Washington State law.

Mr. Mahoney also argues he did not violate Washington cigarette tax laws because the incidence of tax does not fall on him. He asserts cigarettes sold in Idaho are not "contraband" in Washington at least until the first taxable event, *i.e.*, when any person first sells, uses, consumes, handles, possesses, or distributes them within the state. Even at this time, Defendant submits only the sale of cigarettes to non-members by Indians or Indian tribes are subject to cigarette tax, so the

ORDER ON PRETRIAL MOTIONS * 2

cigarettes cannot by law be contraband until then.

Third, Mr. Mahoney alleges he was not required to pre-notify Washington prior to his sale of cigarettes to tribal members in Idaho because it is the tribal seller, not the supplier of cigarettes to him or her, that is required under RCW 82.24.250 to give advanced notice before transportation of cigarettes.

The government relies on the "aiding and abetting" charge in the indictment to show that Mr. Mahoney is properly charged in the indictment. The government also notes that Mr. Mahoney is charged with conspiracy charges: RICO conspiracy, conspiracy to traffic in contraband cigarettes, and conspiracy to launder money. A conspiracy charge may be tried "'in any district where an overt act committed in the course of the conspiracy occurred. It is not necessary that [the defendant] himself have entered or otherwise committed an overt act within the district, as long as one of his coconspirators did.'" *United States v. Corona*, 34 F.3d 876, 879 (9th Cir. 1994) (citation omitted). All conspiracy charges in this case include overt acts allegedly committed within the Eastern District of Washington. Additionally, Defendant is charged with trafficking in contraband cigarettes by paying Roger Fiander for delivering cigarettes to the Yakama Indian Reservation and for mailing contraband cigarettes into Washington. As to Defendant's incidence of tax arguments, the government points out that transporting unstamped cigarettes into Washington absent prenotification makes them contraband, regardless of the incidence of tax and where it falls.

To the extent Mr. Mahoney points out alleged "flaws" in the Indictment in the government's case against him, these flaws are adequately addressed by the inclusion of aiding and abetting and conspiracy charges. Accordingly, Mr. Mahoney's motion to dismiss is denied.

**B.    Motion to Bifurcate Forfeiture Proceedings**

Defendant Louie Mahoney moves the Court to bifurcate the forfeiture proceedings from the trial. Defendant submits that the Third Circuit has, as a rule,

ORDER ON PRETRIAL MOTIONS * 3

required that forfeiture proceedings for property *in persona* be bifurcated from the guilt phase of criminal trials because having to testify about one's property but remaining silent on the charges against one paints a defendant in a difficult light for a jury. *United States v. Sandini*, 816 F.2d 869, 874 (3d Cir. 1987); *cited with approval in United States v. Feldman*, 853 F.2d 648, 661-62 (9th Cir. 1988), *cert. denied*, 489 U.S. 1030 (1989).

The Ninth Circuit has recognized the utility of bifurcating forfeiture proceedings from the guilt phase of trials, but in *Feldman* the court declined to "adopt a blanket requirement that guilt and forfeiture proceedings be bifurcated completely." 853 F.2d at 662. As an example for when bifurcation may not be appropriate, the Ninth Circuit discussed cases in which the government seeks forfeiture of a defendant's interest in a RICO enterprise where "'issues of guilt and forfeiture are likely to converge,' as the forfeiture of the entire interest follows automatically a finding that the enterprise was conducted through a pattern of racketeering." *Id*. The Ninth Circuit then held that

> trial courts should bifurcate forfeiture proceedings from ascertainment of guilt, requiring separate jury deliberations and allowing argument of counsel. The trial judge may exercise discretion in deciding whether to hold an evidentiary hearing. If the defendant can show, by affidavits or otherwise, that a hearing is required on the extent of his or her assets subject to forfeiture, the court should allow evidence on the issue. Evidence received at this phase may not be used on appeal or at retrial to sustain the conviction, nor in post-trial motions. This procedure preserves the rights of defendants and should clarify the issues in complex trials, without unnecessarily adding to the time to try less complex cases where the extent of forfeitable property is clear and the jury would not benefit from a separate evidentiary hearing.

*Id*.

The government has not responded to this motion, but the law of the Circuit is relatively clear. The Court grants Mr. Mahoney's motion to bifurcate.

**C.  Renewed Motion to Dismiss Based on Discriminatory Enforcement**

Mr. Mahoney also asks the Court to reconsider its earlier order denying his motion to dismiss based on selective enforcement in light of grand jury testimony

ORDER ON PRETRIAL MOTIONS * 4

of Agent Boyd Goodpastor and Assistant United States Attorney Jane Kirk from August 16, 2005. In that testimony, Ms. Kirk explains why two non-Indian distributers were not indicted along with the Indian Defendants in this case: because the distributors' attorneys approached Ms. Kirk early in the investigation and asked if they were being indicted. Ms. Kirk made the decision at that point that they were not, but subsequently she learned other information and decided to indict the Defendants in this case. She decided not to indict the non-Indian distributors because she had given her word, and she explained to the grand jury that those distributors could possibly be indicted if they failed to cooperate.

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). It is considered an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Id*.

The Court denied Mr. Mahoney's earlier motion to dismiss based on selective enforcement because he failed to show that "the federal prosecutorial policy 'had a discriminatory effect and that it was motivated by a discriminatory purpose.'" *United States v. Armstrong*, 517 U.S. 456, 465 (2002). Here, although there was arguably a discriminatory effect of the government's prosecutorial policy in that only Indians were indicted for trafficking in contraband cigarettes, the grand jury testimony only demonstrates that the government's decision not to indict non-Indians was *not* motivated by a discriminatory purpose. Instead, it was motivated by Ms. Kirk's agreement with the non-Indian distributors' attorneys not to indict them. Therefore, the Court denies Mr. Mahoney's renewed motion to dismiss.

ORDER ON PRETRIAL MOTIONS * 5

**D.     Motion to Appoint Co-Counsel**

Defense counsel Rick Smith moves the Court to appoint co-counsel or second chair counsel in his case based on 18 U.S.C. § 3006A and his declaration. He explains that Defendant Louie Mahoney is charged with 80 of 88 counts in the Indictment; the case is complex; the government's investigation went on for years; the government has had two forensic auditors working on its case; the government has identified 435 exhibits, some of which contain hundreds of pages; the charges involve Tribal law, federal law, Washington and Idaho state law, and accounting principles and practices; the number of documents are likely over 100,000, Mr. Smith is a sole practitioner and in need of additional legal assistance; and there is the potential the government will call over 50 witnesses.

The Court recognizes that, generally speaking, the government always has more resources at its disposal than criminal defense attorneys. Were this sufficient reason to appoint co-counsel under the CJA, appointment of co-counsel would be appropriate for every case before this Court. Although this case is complex, the Court declines to appoint co-counsel at this late date, and it believes defense counsel has had adequate time to investigate and prepare for trial so as to vigorously and effectively represent his client.

**II.    Roger Fiander's Motions**

    **A.    Motion to Partially Dismiss Indictment**

Defendant moves the Court to dismiss Count 1, conspiracy to violate the RICO, and part of Count 2, conspiracy to traffic in contraband cigarettes, of the Indictment. Defendant asks the Court to dismiss the portion of Count 2 that includes activities arising in 2002. Defendant submits that co-defendant Louie Mahoney had absolute control over JKL Enterprises, which operated from July 1999 to May 20, 2003. Mr. Fiander's involvement is alleged to have lasted from January 15, 2002, to May 15, 2003. Defendant asserts there are no facts stated in the Indictment sufficient, even if proved, to satisfy the "operation and

ORDER ON PRETRIAL MOTIONS * 6

management" or "control" elements required for a RICO conspiracy. He maintains he was a mere deliveryman who was compensated during a sporadic part of the enterprise period for a limited service and who had no authority in the enterprise.

The elements necessary to prove a RICO conspiracy are as follows: "proof (1) of an ongoing organization, formal or informal, (2) which exhibits a hierarchical or consensual decision-making structure beyond that inherent in the alleged racketeering activity, and (3) in which the various associates function as a continuing unit." *United States v. Fernandez*, 388 F.3d 1199, 1223 (9th Cir. 2004), *cert. denied* 544 U.S. 1043 (2004). Defendant sets out the "operation and management test" formerly relied upon by the Ninth Circuit as a requisite for finding a RICO conspiracy. However, in *Fernandez*, the Ninth Circuit repudiated that test due to a change in law. *Id.* at 1230. Therefore, "a defendant is guilty of conspiracy to violate § 1962(c) if the evidence showed that she 'knowingly agree[d] to facilitate a scheme which includes the operation or management of a RICO enterprise.'" *Id.* (quoting *Smith v. Berg*, 247 F.3d 532, 538 (3d Cir. 2001)).

This test to determine whether a defendant was a member of a RICO conspiracy is much broader than the operation and management test cited by Defendant, and it encompasses his activities as they are alleged in the Indictment. Further argument as to whether Mr. Fiander actually violated § 1962(d) is for the jury, for the Indictment is sufficient on its face.

In regards to Count 2 of the Indictment, Defendant asserts the government has failed to demonstrate how, with respect to the counts occurring in 2002, Mr. Fiander was a party to a CCTA conspiracy because the cigarettes delivered to the Yakama Reservation during that year did not exceed the Tribe's allocation of tax exempt cigarettes under Washington law. Defendant lists the numbers of cigarettes delivered and the number of cigarettes allocated. However, this argument fails to recognize that the violation of Washington cigarette tax law is not based on exceeding the allocation of cigarettes. Rather, it is based on the failure to notify

ORDER ON PRETRIAL MOTIONS * 7

the proper authorities when delivering the unstamped cigarettes from out-of-state. Accordingly, the Court denies this motion.

### B. Motion to Dismiss Money Laundering Charges Based Upon 18 U.S.C. § 1956(a)(2)

Next, Defendant moves the Court to dismiss the portions of the Indictment charging him with violating § 1956(a)(2). Mr. Fiander bases his argument on his misreading of the Indictment. The Indictment does not charge him with a violation of § 1965(a)(2); instead, it charges him and others with a violation of § 1956(a) and with § 2, the aiding and abetting statute. The Indictment is proper, and the Court denies this motion.

### C. Motion for Reconsideration

Defendant asks the Court to reconsider its Order (Ct. Rec. 314, p. 16-19) denying his motion to dismiss the CCTA and CCTA-related counts for lack of a predicate violation of applicable state cigarette tax laws. Defendant submits that the Court's order denying his latest motion to dismiss and its order denying his original motion to dismiss (Ct. Rec. 142) appear to rest on the "erroneous" assumption that Defendant engaged or intended to engage in a sale, delivery, or other transaction with non-Indians. Defendant maintains he did not engage in any such transaction, and he asserts that to whom the cigarettes were to be sold by the Indians to whom he delivered the cigarettes after the delivery was outside the scope of his knowledge, duties, and conduct.

As stated above, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enterprises, Inc.*, 229 F.3d at 890 (quoting *389 Orange Street Partners*, 179 F.3d at 665). It is considered an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Id.*

Mr. Fiander has not presented newly discovered evidence or an intervening

ORDER ON PRETRIAL MOTIONS * 8

change in the controlling law. Therefore, he must show that the Court committed clear error in its earlier Order. Mr. Fiander attempts to do this by distinguishing himself from defendants in the case law cited by the Court who are all tribal retailers of cigarettes. He asserts, as a tribal member who only delivered cigarettes to other tribal members/entities, that his situation is distinguishable from that of tribal retailers and the holdings of the cases cited does not apply to him.

The government notes that the main issue is whether Indians within Indian country are still subject to the minimal burdens imposed by the State to prevent fraudulent transactions involving untaxed, unstamped cigarettes. The government submits that the minimal burden's application to tribal-member-to-tribal-member transfers should cause no concern, for in *Washington v. Confederated Tribes of the Colville Indian Reservation*, 447 U.S. 134, 159-60 (1980), the Supreme Court approved Washington's minimal burden on tribal retailers of keeping records of *nontaxable* transactions (sales to tribal members). *Id*. Further, the Ninth Circuit's holding in *United States v. Gord* precludes Defendant's argument that his delivery of the unstamped cigarettes to other tribal members renders Washington's tax laws inapplicable:

> under Washington law, all unstamped, unapproved cigarettes are "subject to seizure[,] . . . tax and penalties," even if possessed by and distributed to Native Americans. Wash. Admin. Code § 458-20-192. Thus, even if the [retailer to whom the cigarettes were delivered] is a tribal organization, the unstamped cigarettes were contraband under the CCTA unless they were preapproved by the Washington Department of Revenue and were sold to Native Americans.

*Gord*, 77 F.3d at 1194.

The Court finds it did not commit clear error in denying Mr. Fiander's earlier motion to dismiss based on lack of predicate violation in its September 15, 2006 Order (Ct. Rec. 314) and denies his motion to reconsider.

**D.    Motion for Leave to File Interlocutory Appeal**

Defendant asks for leave to interlocutorily appeal the Court's September 15, 2006 Order (Ct. Rec. 314) discussed above. He also asks for leave to appeal the

ORDER ON PRETRIAL MOTIONS * 9

Court's November 21, 2005 Order (Ct. Rec. 142) denying his motion to dismiss based upon the Yakama Treaty of 1855, in particular the portions of the Order ruling he possessed a treaty right to transport, but not deliver the unstamped cigarettes involved in this case.

The government points out that Federal Rule of Appellate Procedure 4(b) requires the filing of an appeal within ten days after the entry of either the judgment or the order being appealed. Fed. R. App. P. 4(b). Defendant filed this motion on January 18, 2007. Therefore, the government asserts his motion is time barred. The government also states that, disregarding the time issue, the circuit court's authority to review district court matters generally only inheres to final decisions of the district courts. *United States v. Austin*, 416 F.3d 1016, 1019 (9th Cir. 2005). A pretrial order "is not a final decision appealable under 28 U.S.C. § 1291." *Id*.

The "absence of jurisdiction altogether deprives a federal court of the power to adjudicate the rights of the parties." *Gonzalez v. Crosby*, 125 S. Ct. 2641, 2649 (2005). Therefore, jurisdiction is a threshold matter and a fundamental question before every court. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998). Courts of appeals have jurisdiction over all final decisions of district courts except where direct review may be had in the Supreme Court. 28 U.S.C. § 1291. Under § 1291, "a criminal case is generally not subject to appellate review 'until conviction and imposition of sentence.' Accordingly, denials of pretrial motions are not usually appealable." *United States v. Hickey*, 367 F.3d 888, 890 (9th Cir. 2004) (quoting *Flanagan v. United States*, 465 U.S. 259, 263 (1984)).

Here, the Court's Orders denying Defendant's pretrial motions to dismiss were not final decisions. Hence, § 1292 governs, and it grants courts of appeals only limited jurisdiction over interlocutory appeals in civil actions. 28 U.S.C. § 1292 (granting jurisdiction for review of orders concerning injunctions, the appointment or refusal to wind up receivers and receiverships, and in civil actions

ORDER ON PRETRIAL MOTIONS * 10

when the order involves "a controlling question of law as to which there is substantial ground for difference of opinion"). However, there is a limited, narrow exception to the finality rule: the collateral order doctrine.[1] *Hickey*, 367 F.3d at 890. The collateral order doctrine "allows an immediate appeal from an interlocutory order that 'conclusively determine[s] the disputed question, resolve[s] an important issue completely separate from the merits of the action, and [is] effectively unreviewable on appeal from a final judgment.'" *Id*. at 890-91, *quoting Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978).

The collateral order doctrine does not apply in this circumstance, and the court of appeals does not have jurisdiction at this time to review his claims. Therefore, the Court denies his motion for interlocutory appeal.

**E.     Memorandum re: Conflict of Interest**

Defense counsel states that in November 2003, two unindicted co-conspirators, Harvey Davis, Sr. and John Hunter, were charged by criminal complaint with various counts of money laundering and trafficking in contraband cigarettes (Case. No. CR-03-2206-FVS). He represented Mr. Davis in plea negotiations and in obtaining court approval of a plea agreement. Wayne Bjur represented Mr. Hunter. Mr. Bjur died in October 2004, before the defendants were sentenced. As a result, Mr. Hunter asked defense counsel, Jack Fiander, to represent him at sentencing as well. Defense counsel did so after consulting with all parties regarding the potential conflict of interest and obtaining waivers of the same.

In August 2005, Roger Fiander was indicted in this matter, and he is charged with delivering unstamped cigarettes in violation of the CCTA to Lil' Brown Smoke Shack, where Mr. Hunter is employed. Defense counsel obtained consent

---

[1] Another exception to the finality rule exists for the Government only. The Government may lodge an interlocutory appeal in limited circumstances from an adverse order pursuant to 18 U.S.C. § 3731.

ORDER ON PRETRIAL MOTIONS * 11

from Mr. Hunter to represent Mr. Fiander and Mr. Hunter. However, Mr. Hunter's waiver of conflict of interest was limited to consenting to counsel's representation of Mr. Fiander in order to present motions where their interests mutually coincided and which benefitted but were not adverse to Hunter's and Fiander's interests. Specifically, Mr. Hunter consented to defense counsel's (1) appearing as counsel for Roger Fiander for the purpose of presenting a motion to dismiss his indictment based on the Treaty of 1855 and (2) submission of an *amicus curiae* brief to the Ninth Circuit in the *Smiskin* appeal.

Defense counsel became aware of Mr. Hunter's potential appearance as a witness in this case after receiving an ATF report of an interview with him dated February 2, 2007. He has reviewed his waivers, and he has no consent or waiver of conflict of interest from Mr. Hunter or from Mr. Davis to represent Mr. Fiander should the matter go to trial and their interests are no longer harmonious. Mr. Hunter's present counsel, George Colby, has informed defense counsel that it is unlikely Mr. Hunter will waive conflicts of interest.

Defense counsel states that there is potential for actual conflicts of interest here. Although the matter to which Mr. Hunter pled guilty is final, the statute of limitations has not expired on other charges or counts Mr. Hunter could potentially face if defense counsel cross-examined him.

The Court has considered several options available to it to deal with the conflict of interest. After consideration of the various interests of Defendant and co-Defendants, the government, the witnesses, and the public, and also considering the nature of the conflict and the timing of the disclosure in relation to the fast-approaching trial date, the Court believes the best resolution of this conflict is to appoint separate co-counsel for the limited purpose of cross-examining any and all witnesses with whom defense counsel Jack Fiander has a conflict. Appointing separate co-counsel for this limited purpose will protect the witnesses' attorney-client privileges and avoid the appearance of impropriety, and it will permit

ORDER ON PRETRIAL MOTIONS * 12

Defendant Fiander to continue to receive effective representation. *See United States v. O'Malley*, 786 F.2d 786, 790 (7th Cir. 1986). Accordingly, the Court denied Mr. Fiander's Motion in Limine (Ct. Rec. 379), filed after the pretrial conference in this matter.

Accordingly, **IT IS HEREBY ORDERED**:

1. Louie Mahoney's Motion to Dismiss Indictment (Ct. Rec. 330) is **DENIED**.

2. Louie Mahoney's Motion to Bifurcate Forfeiture Proceedings (Ct. Rec. 359) is **GRANTED**.

3. Louie Mahoney's Renewed Motion to Dismiss Based on Discriminatory Enforcement (Ct. Rec. 362) is **DENIED**.

4. Louie Mahoney's Motion to Appoint Co-Counsel (Ct. Rec. 364) is **DENIED**.

5. Christine Mahoney Meyer's Motion for Joinder (Ct. Rec. 333) is **GRANTED**.

6. For the reasons stated on the record, Christine Mahoney Meyer's Motion to Change Venue for Trial (Ct. Rec. 335) is **DENIED**.

7. For the reasons stated on the record, Margaret Jose's Motion for Bill of Particulars (Ct. Rec. 338) is **DENIED**.

8. Margaret Jose's Motion for Joinder (Ct. Rec. 341) is **GRANTED**.

9. Margaret Jose's Motion for Extension of Time to File (Ct. Rec. 345) is **DENIED**.

10. Roger Fiander's Motion to Dismiss Count(s) (Ct. Rec. 298) is **DENIED**.

11. Roger Fiander's Motion to Dismiss Count(s) 1956(a)(2) (Ct. Rec. 302) is **DENIED**.

12. Roger Fiander's Motion for Reconsideration re: Motion to Dismiss Case for Lack of a Predicate Violation per RCW 37.12.010 (Ct. Rec. 319) is **DENIED**.

13.  Roger Fiander's Motion for Leave to File Interlocutory Appeal (Ct. Rec. 347) is **DENIED**.

14.  Roger Fiander's Motion *in Limine* (Ct. Rec. 379) is **DENIED**.

15.  Roger Fiander's Motion to Shorten Time for Hearing on Motion *in Limine* (Ct. Rec. 380) is **GRANTED**.

16.  The Court **REFERS** the matter of appointing co-counsel for the limited purpose of conducting cross-examination of any and all witnesses with whom defense counsel Jack Fiander has a conflict to Magistrate Judge Leavitt.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and forward copies to counsel and to Magistrate Judge Leavitt.

**DATED** this 19th day of March, 2007.

*s/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CRIMINAL\2005\Mahoney\Feb20.motions.ord.wpd